IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN S. NUNEZ,

    Plaintiff,

v.                                              No. 22-332

CHIPOTLE MEXICAN GRILL, INC and
JOHN DOES 1-10,

    Defendants.

## NOTICE OF REMOVAL OF STATE COURT ACTION
## PURSUANT TO 28 U.S.C.S. §§ 1332 AND 1441 ON THE BASIS OF DIVERSITY

Defendant Chipotle Mexican Grill, Inc. ("Chipotle") removes this action from the Second Judicial District Court, County of County of Bernalillo, New Mexico pursuant to 28 U.S.C.S §§ 1332 and 1441 on the basis of diversity. As grounds for the relief requested herein, Chipotle states as follows:

### PROCEDURAL HISTORY

1. Plaintiff Juan S. Nunez ("Plaintiff") initiated this action on March 4, 2022, by filing his Complaint for Negligence and Personal Injuries in the Second Judicial District Court, State of New Mexico against Chipotle ("Complaint"). *See* Exhibit A: Complaint.

2. Service of Plaintiff's Complaint was accepted by Chipotle's registered agent, Corporation Service Company, on March 31, 2022.

3. Chipotle's Answer to Plaintiff's Complaint is due May 2, 2022.

### GROUNDS FOR REMOVAL

4. A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court encompassing the

place in which the action is pending. *See* 28 U.S.C.S § 1441(a). Pursuant to 28 U.S.C.S § 1332(a), this Court has original jurisdiction over this case by reason of diversity of citizenship and the amount in controversy, which exceeds $75,000, exclusive of interests and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP IS PRESENT

5. As of the date of this Notice of Removal, there exists complete diversity of citizenship between Plaintiff and Chipotle.[1]

6. Plaintiff alleges in his Complaint that he is a resident of Bernalillo County, State of New Mexico. *See* Exhibit A: Complaint, at ¶ 1.

7. Chipotle is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 610 Newport Center Drive, Suite 1400, Newport Beach, California 92660. When evaluating diversity jurisdiction, a corporation is considered domiciled where it is incorporated and where it has its principal place of business. *See* 28 U.S.C.S. 1332(c)(1). *See* Exhibit B: State of Delaware Corporation Entity Search; *See also* Exh. A: Plaintiff's Complaint, ¶ 2 (alleging that Chipotle is a Delaware corporation).

## CHIPOLTE'S NOTICE OF REMOVAL IS TIMELY

8. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" (28 U.S.C.S § 1446(b)(1)), and – in cases where federal jurisdiction is based on the diversity of the parties' citizenship – within one year of the initiation of the action (28 U.S.C.S. § 1446(c)(1)). Service of Plaintiff's Complaint was accepted by Chipotle's registered agent, Corporation Service Company, on March 31, 2022.

---

[1] In determining whether a civil action is removable on the basis of diversity of citizenship (28 U.S.C.S. § 1332(a)), the citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 28 U.S.C.S. § 1441(b)(1); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (explaining that under the federal removal statutes the presence of "John Doe" defendants at the commencement of an action does not preclude removal).

Chipotle's removal is timely because it has filed this Notice of Removal within thirty days of being served with Plaintiff's Complaint, the first pleading in this matter to name Chipotle as a defendant, and within one year of when this action was initiated.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of litigation." *See Valdez v. Metro. Prop. & Cas. Ins.*, 867 F. Supp. 2d 1143, 1178 (D.N.M. 2012)(No. CIV 11-0507 JB/KBM), *citing McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Chipotle must "affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it possible" that more than $75,000 is in controversy. *McPhail, supra*, at p. 956. It is only the jurisdictional facts that must be proven by a preponderance of the evidence – not the legal conclusion that the statutory threshold amount is in controversy. *Id.* at p. 955.

> The proponent of federal jurisdiction must prove contested *facts*; and because a defendant has no control over the complaint, he cannot put a large sum of money in controversy simply by demanding it, as a plaintiff often can. But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. If the amount if uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case…

*Id.* at p. 954. The *McPhail* Court relied on the Seventh Circuit's decision in *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) for clarification of the removing defendant's burden to establish the amount of controversy.

> …the Seventh Circuit has clarified this jurisprudential mess, explaining the proper role of the "preponderance of the evidence" standard, and how defendants may have a chance at satisfying it…
>
> …the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given

> proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). Once the estimate has been made--and contested factual allegations that support the estimate have been established in a hearing under Rule 12(b)(1) by admissible evidence . . . -- then the *St. Paul Mercury*[2] standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

*Id.* at 955 (citing *Meridian*, *supra* at pp. 540-43).

8. A complaint that "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail, supra*, at pp. 955-56. The *McPhail* Court cited to the Fifth Circuit's decision in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (fifth Cir. 1999) for examples of the types of facts and theories of recovery that could support removal.

> For example, the Fifth Circuit has upheld removal based on a complaint seeking recovery in tort for "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The court made this determination by "[r]eading the face of the complaint," even though it did "not specify the numerical value of the damage claim." *Id.*

*Id.* at 955-56.

9. Documentation beyond the complaint itself can provide the basis for determining the amount in controversy – "either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward". *McPhail, supra*, p. 956, *citing Meridian, supra*, at 541-42 and *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Hernandez v. Chevron U.S.A., Inc.*, 347 F.Supp.3d 921, 947-48, 2018 WL 4188458, at *12

---

[2] The "*St. Paul Mercury* standard" is in reference to the standard articulated in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845, 848-49 (1938) that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

(D.N.M. 2018, No. CIV 17-1083 JB/GBW)(citing to *McPhail, supra*, *Meridian, supra*, and *Manguno*, *supra*).

10. Documents that demonstrate a plaintiff's own estimate of the claim's value are a proper means of supporting the allegations in the notice of removal. *McPhail, supra* at p.956 (explaining that it is permissible for a district court to consider settlement offers when deciding the jurisdictional question, even though settlement offers cannot be used to support the ultimate amount of liability at trial). The *McPhail* Court considered emails and letters incorporated with defendant's notice of removal that showed that defense counsel had a conversation with plaintiff's counsel that included a discussion of the value of the claim. *Id*. at 956-57.

11. The jurisdictional amount in controversy is satisfied because Plaintiff alleges in his Complaint that he fell at the Chipotle Mexican Grill located at 6810 Menaul Blvd. NE, Albuquerque New Mexico, suffering personal injuries. *See* Exh. A: Complaint, at ¶¶ 6-7. Plaintiff alleges that as a result of his fall, he has suffered in part "…personal injury damages, actual damages…consequential damages, and other undetermined damages…". *Id.* at ¶ 12. Thus Plaintiff has indicated in writing that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**CHIPOTLE HAS COMPLIED WITH ALL REMOVAL PROCEDURES**

12. Chipotle has complied with the procedural requirements for removal set forth in 28 U.S.C.S. § 1446. As noted above, in accordance with 28 U.S.C.S. § 1446(b)(1), the notice of removal was timely filed within 30 days of service of Plaintiff's Complaint on Chipotle's registered agent.

13. The United States District Court, District of New Mexico, encompasses the Second Judicial District Court, Bernalillo County, New Mexico, the county in which the state court action is now pending, and this is the proper venue to which to remove this action pursuant to 28 U.S.C.S. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Chipotle will provide written notice of this Notice of Removal to Plaintiff and file a copy of this Notice with the clerk of the State Court of the Second Judicial District Court, Bernalillo County, New Mexico.

15. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C.S. § 1446(a).

16. Pursuant to D.N.M. LR-CIV 81-1(a), Chipotle will submit copies of the records and proceedings from the state court action within twenty-eight (28) days of the filing of this Notice of Removal.

WHEREFORE, Defendant Chipotle prays that the above-entitled action be removed from the State of New Mexico Second Judicial District Court to this Court.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _/s/ Jill M. Collins_
    Jill M. Collins
    Dominic B. Romero
    Lewis Brisbois Bisgaard & Smith LLP
    8801 Horizon Blvd. NE, Suite 300
    Albuquerque, NM 87113
    T: 505.545.8304
    F: 505.828.3900
    jill.collins@lewisbrisbois.com
    dominic.romero@lewisbrisbois.com
    *Attorneys for Defendant Chipotle Mexican Grill, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2022, the foregoing was filed electronically through the Court's CM/ECF filing system, causing a copy to be served to all counsel of record. A courtesy copy was also e-mailed the same day to the following:

Brian G. Grayson, Esq.
Grayson Law Office, LLC
3901 Georgia St. NE Suite A-2-A
Albuquerque, NM 87110

Ph: (505) 273-8570
Fx: (505) 214-5007 (fax)
brian@graysonlawoffice.net

*/s/ Jill M. Collins*
Jill M. Collins